IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY RAY COUSINS                                                                    PLAINTIFF

V.                           NO. 11-5286

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Bobby Ray Cousins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his current application for DIB on November 13, 2009, alleging an inability to work since April 1, 2001, due to "Paranoia." (Tr. 95-101, 119, 124). An administrative hearing was held on March 29, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 22-48).

By written decision dated May 24, 2011, the ALJ found that during the relevant time

-1-

period, Plaintiff had an impairment or combination of impairments that were severe - affective disorders, personality disorders, dysthymia, depression, and mood disorders. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels, but with a nonexertional limitation to unskilled work, or routine quasi-skilled or lower level semi-skilled work (SVP 3), neither of which requires more than incidental and superficial interaction with supervisors and co-workers, and does not require more than minimal and incidental rather than intense and continual interaction with the general public.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform his past relevant work as a forklift operator. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 1, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following argument on appeal: That the ALJ committed reversible error when he ignored or chose to disregard the full medical reports of examining psychiatrists without explanation. (Doc. 11). More specifically, Plaintiff argues that the ALJ based his findings on the forms completed by the State's reviewing psychologists while disregarding the opinions of both the independent and State psychologists who actually examined Plaintiff.

In this case, on January 21, 2010, Dr. Gene Chambers, Ph.D., conducted a Mental Diagnostic Evaluation and Evaluation of Adaptive Functioning. (Tr. 155-158). Dr. Chambers reported that Plaintiff indicated he had never received any treatment for any of his mental symptoms, and would not take medicine because he did not trust doctors. (Tr. 155). Dr. Chambers also reported that Plaintiff indicated that he would not take an antidepressant, anti-anxiety medication or sleep medication. (Tr. 155). Dr. Chambers diagnosed Plaintiff as follows:

        Axis I:        Generalized Anxiety Disorder
                        Dysthymia
        Axis II:      Paranoid Personality Disorder
        Axis III:     Deferred
        Axis IV:     Occupational problems, problems related to the social

                                          environment
        Axis V:        GAF - 50-60

(Tr. 157). Dr. Chambers also indicated that Plaintiff had no difficulty bathing or dressing himself; was capable of driving to places with which he was not familiar; did his own shopping and managed his own money; had a few friends; did not have anyone come and visit him but would go and visit them; became paranoid easily; and had no difficulties performing household chores. (Tr. 158). Dr. Chambers noted that Plaintiff's capacity to: communicate and interact in a socially adequate manner; cope with typical mental/cognitive demands of basic work-like tasks; attend and sustain concentration on basic tasks; sustain persistence in completing tasks ; and complete work-like tasks within an acceptable time frame, had limitations based upon Plaintiff's paranoid personality disorder. (Tr. 158).

        On February 5, 2010, non-examining consultant Jerry R. Henderson, Ph.D. completed a Psychiatric Review Technique form and Mental RFC Assessment. (Tr. 160-173, 174-177). Dr. Henderson found that Plaintiff had a moderate degree of limitation in difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace. He also found Plaintiff had a mild degree of limitation in activities of daily living. (Tr. 170). Dr. Henderson noted in his Mental RFC Assessment that Plaintiff had no history of psychiatric treatment and took no psychotropic medications. (Tr. 176). Dr. Henderson concluded that although Plaintiff's personality traits would likely cause problems with social interaction, marked functional limitations were not documented, and he found Plaintiff appeared capable of performing unskilled work requiring limited contact with others. (Tr. 176).

        On December 14, 2010, Plaintiff was seen at Ozark Guidance, by Donald Defreece, LPC.

(Tr. 180-184). Mr. Defreece diagnosed Plaintiff as follows:

| | |
|---|---|
| Axis I: | Dysthymic Disorder |
| Axis II: | Diagnosis deferred |
| Axis III: | Lack of resources |
| Axis V: | 46 |

(Tr. 183).

Contrary to Plaintiff's contention, the ALJ did address Dr. Chambers' findings. He stated as follows:

> In terms of perception, attitude, and behavior, or functional "mental" impairments, Dr. Chambers noted the claimant does his own shopping, manages his own money, and is capable of driving to places with which he is not familiar. Considering the limitations attendant to and defined/described as "paranoid personality," the claimant reflects limitations, but the claimant was noted to be "capable of managing funds without assistance, and to interact, conduct himself, and behave in what Dr. Chambers reported as "cooperative" for purpose of the examination.

(Tr. 15). The opinion of a consultative examiner is evidence that must be considered, but it is not entitled to controlling weight. 20 C.F.R. § 404.1527. The Eighth Circuit has held that "'[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence.'" Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999)(quoting Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998).

The ALJ further noted that the Plaintiff's perceptions, attitudes, and behaviors did not reflect such impairment of cognition, communication, or behavior as to significantly limit his ability to perform unskilled work which did not require more than incidental and superficial interaction with supervisors and co-workers, and did not require more than minimal and incidental rather than intense and continual interaction with the general public. (Tr. 15).

The ALJ also considered the report from Mr. Defreece at Ozark Guidance Center, as well

as the opinions of non-examining physicians, Dr. Jerry Henderson and Dr. Winston Brown, in concluding that Plaintiff's mental limitations did not prevent him from performing a full range of work with certain nonexertional limitations.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

It is clear that the ALJ considered the record as a whole, including Dr. Chambers' opinion as well as the opinions of Dr. Henderson and Dr. Brown. This, coupled with the fact that Plaintiff did not seek medical treatment and was not willing to take medication if prescribed that may have controlled his symptoms, and the fact that the ALJ's RFC assessment limited Plaintiff to unskilled work, thereby minimizing his contact with other people, constitute substantial evidence to support the ALJ's RFC findings.

Based upon the foregoing, the Court finds there is substantial evidence to support the

AO72A
(Rev. 8/82)

ALJ's decision. Accordingly, the Court hereby affirms the ALJ's decision and dismisses Plaintiff's case with prejudice.

DATED this 26th day of November, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**